(R.D. 11547)

MITSUBISHI INTERNATIONAL CORPORATION *v.* UNITED STATES

Entry Nos. 13814; 13818.

(Decided June 20, 1968)

*Lane, Young & Fox* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

WATSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation entered into between counsel for the parties herein:

IT IS STIPULATED AND AGREED by and between counsel for the parties hereto, subject to the approval of the Court, that the merchandise covered by the above appeals for reappraisement consists of footwear having uppers of which over 90% of the exterior surface area is plastic and soles composed wholly or in chief value of rubber (and not having foxing or a foxing-like band applied or molded at the sole and overlapping the upper); and that said footwear was appraised under Section 402a (g) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

That said footwear was exported from Japan subsequent to February 27, 1958 and was entered for consumption subsequent to said date; and that said footwear is identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27, 1958.

That at the time of exportation of the said imported footwear, no domestic manufacturer offered like or similar footwear for sale, and like or similar footwear was not manufactured or produced in the United States.

That on or about the date of exportation, such or similar footwear was freely offered for sale to all purchasers in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, at the invoiced unit prices less the items of marine insurance premium and ocean freight from Kobe, Japan, to Seattle, Washington, in the amounts as noted on the invoices, said prices including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

That on or about the date of exportation, the foreign value or such value as defined in Section 402a(c) of the Tariff Act of 1930, as amended, of such or similar merchandise was no higher.

IT IS FURTHER STIPULATED AND AGREED that the said appeals for reappraisement may be deemed to be submitted for decision upon this stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis for the determination of the value of the merchandise here involved and that such values were the invoiced unit prices, less the items of marine insurance premium and ocean freight in the amounts as noted on the invoices.

Judgment will issue accordingly.